[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------
No. 06-11949
Non-Argument Calendar
----------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 29, 2006
THOMAS K. KAHN
CLERK

Agency No. A79-097-744

JARVY ALEX POSADA-LOPEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

--------------------------------------------
Petition for Review of a Decision
of the Board of Immigration Appeals
--------------------------------------------

**(November 29, 2006)**

Before EDMONDSON, Chief Judge, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Jarvy Arlex Posada-Lopez petitions this Court, through counsel, for review

of the order of the Board of Immigration Appeals ("BIA") denying his motion to

reopen his removal proceedings. Posada-Lopez filed the motion to reopen after

the BIA affirmed the order of the immigration judge ("IJ") denying him asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). We dismiss his petition in part and deny it in part.

Posada-Lopez, a native and citizen of Colombia, alleged in his application for asylum, withholding of removal, and CAT relief that he had suffered persecution from the Revolutionary Armed Forces of Colombia (the "FARC") due to his political opinion and membership in a social group and that he feared for his life if he returned to Colombia. The IJ denied Posada-Lopez's application; and, on 24 October 2005, the BIA affirmed the IJ's denial. On 20 January 2006, Posada-Lopez filed a motion to reopen his removal proceedings and provided new affidavits by persons supporting his claim that the FARC continued to look for him in Colombia. The BIA denied Posada-Lopez's motion to reopen on 27 February 2006. On 29 March 2006, Posada-Lopez filed the instant petition for review of the BIA's denial of his motion to reopen.

We first review de novo whether we have subject matter jurisdiction in this case. Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002). While we generally have jurisdiction to review final orders of removal, the petition for review must be filed within 30 days of the date of the final order of removal. See

2

8 U.S.C. § 1252(b)(1). The statutory time limit for filing a petition for review in an immigration case is mandatory and jurisdictional; and the 30-day filing deadline is not tolled by the filing of a motion to reopen removal proceedings. See Dakane v. U.S. Attorney Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2004) (citing Stone v. INS, 115 S.Ct. 1537, 1544 (1995)).

In his brief on appeal, Posada-Lopez makes no argument about the BIA's denial of his motion to reopen. Instead, he only challenges the IJ's denial of his application for relief from removal, which was affirmed by the BIA on 24 October 2005. Posada-Lopez did not file his petition for review with this Court until 29 March 2006, which was well over 30 days after the BIA's final removal order. The filing of Posada-Lopez's motion to reopen on 20 January 2006 did not suspend the finality of the underlying BIA order and did not toll the review period. See id. Posada-Lopez's petition is untimely for the BIA's 24 October 2005 decision. Therefore, to the extent Posada-Lopez argues that the BIA erred in denying his claims for asylum and withholding of removal, we lack jurisdiction to consider those arguments and dismiss the petition for review about Posada-Lopez's final order of removal.

Because Posada-Lopez's petition is timely only on the BIA's 27 February 2006 order denying his motion to reopen, the scope of our review is limited to that

order.  But, as we have discussed, review of Posada-Lopez's brief on appeal shows that he makes no argument about his motion to reopen.  Because Posada-Lopez has failed to brief the denial of his motion to reopen, this issue is abandoned; and we do not consider it.  See Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1286 n.3 (11th Cir. 2003) (stating that issue not raised on appeal is abandoned).  We deny Posada-Lopez's petition for review of the denial of the motion to reopen.

DISMISSED IN PART; DENIED IN PART.